UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 06-CV-2907 (JFB) (AKT)

———————————

Peter Catalano,

Plaintiff,

versus

Lynbrook Glass & Architectural Metals Corp.,

Defendant.

———————————

**MEMORANDUM AND ORDER**
December 1, 2009

———————————

Joseph F. Bianco, District Judge:

Following a jury verdict in its favor, defendant Lynbrook Glass & Architectural Metals Corp. ("defendant") moves, pursuant to Rule 54 of the Federal Rules of Civil Procedure, to recover costs in the amount of $1,315.75 incurred in taking the plaintiff's deposition and docket fees. Plaintiff Peter Catalano ("plaintiff" or "Catalano") opposes the motion. For the reasons set forth below, the Court finds defendant is entitled to its costs in the above-referenced amount.

I. Background

Plaintiff Catalano initiated this action on June 9, 2006, alleging discrimination by defendant, his former employer. Following discovery, defendant moved for summary judgment. In a January 4, 2008 Memorandum and Order, this Court denied that motion with respect to plaintiff's age discrimination claim. *See Catalano v. Lynbrook Glass & Architectural Metals Corp.*, No. 06-CV-2907 (JFB) (AKT), 2008 WL 64693 (E.D.N.Y. Jan. 4, 2008). Plaintiff subsequently amended his complaint to add a claim under the Americans with Disabilities Act. A jury trial began on June 1, 2009. On June 8, 2009, the jury returned a verdict for defendant.

On June 18, 2009, defendant submitted a bill of costs to recover $1,315.75. The majority of this amount — namely, $1,295.75 — is for the cost of plaintiff's deposition, including an original and one copy of the transcript. The remaining $20 is for docket fees. On June 24, 2009, plaintiff submitted his opposition to defendant's motion for costs. Also on June 24, 2009, defendant submitted a reply memorandum. The Court has fully considered all of the submissions.

II. Discussion

A. Applicable Law

"[T]he decision of whether to award costs . . . 'is committed to the sound discretion of the district court.'" *Cosgrove v. Sears, Roebuck, & Co.*, 191 F.3d 98, 102 (2d Cir. 1999) (quoting *ARP Films, Inc. v. Marvel Entm't Group, Inc.*, 952 F.2d 643, 651 (2d Cir. 1991)); *see also Northeast Holdings, L.L.C. v. Town of Riverhead*, 244 F.R.D. 166, 167 (E.D.N.Y. 2007) ("Taxation of costs if [sic] left to the discretion of the Court, and may be overturned on appeal 'only in the event of an abuse of discretion.'" (quoting *In re Air Crash Disaster at John F. Kennedy Int'l Airport*, 687 F.2d 626, 629 (2d Cir. 1982))).

Rule 54 of the Federal Rules of Civil Procedure states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Given the language of Rule 54(d), "an award against the losing party is the normal rule obtaining in civil litigation, not an exception . . . . For this reason, the losing party has the burden to show that costs should not be imposed. . . ." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001) (citation omitted); *see also Cosgrove*, 191 F.3d at 101 ("Fed. R. Civ. P. 54(d) grants costs to a prevailing party as a matter of course in the absence of a countervailing statute or rule, unless the trial judge directs otherwise."); *Zacharowicz v. Nassau Health Care Corp.*, No. 02-CV-4510, 2007 U.S. Dist. LEXIS 20946, at *4-5 (E.D.N.Y. Mar. 22, 2007) ("After the prevailing party demonstrates the amount of its costs and that they fall within an allowable category of taxable costs, that party enjoys a presumption that its costs will be awarded.").

However, although the award of costs to the prevailing party is the norm under Rule 54 rather the exception, it is well settled that the district court has the discretion to deny costs that are otherwise properly taxable if equitable considerations warrant such a result. "[F]or example, costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Whitfield*, 241 F.3d at 270. These examples do not constitute an exhaustive list and the court may consider other equitable considerations that are applicable in a particular case. *See, e.g.*, *Moore v. County of Delaware*, — F.3d — , No. 08-2426-cv, 2009 WL 3523385, at *3 (2d Cir. Nov. 2, 2009) (discussing the equitable considerations under Rule 54 in the context of a motion for costs under Fed. R. App. P. 39).

B. Analysis[1]

---

[1] Although the Clerk of the Court has not yet taxed the costs, this Court need not await such a determination to adjudicate the motion because, once objections are filed, the Court must decide the costs issue de novo regardless of the determination by the Clerk of the Court. *See, e.g.*, *Whitfield*, 241 F.3d at 269 ("A district court reviews the clerk's taxation of costs by exercising its own discretion to decide the cost question [it]self.") (quotations and citations omitted); *see also Howell v. NYC Leadership Academy, Inc.*, No. 05 Civ. 8233 (JGK), 2008 WL 5336891, at *3 (S.D.N.Y. Dec. 20, 2008) ("[I]t makes no difference that this request for costs bypassed the Clerk's Office, because the request would have come before this Court anyway in light of the plaintiff's objections[.]"). Thus, the Court in its discretion (and in order to avoid unnecessary

Defendant, who was the prevailing party in this lawsuit, filed a timely bill of costs which properly itemized the costs — namely, $1,295.75 for the plaintiff's deposition (which has been documented with an invoice from the court reporting service) and $20 in docket fees. Plaintiff argues that the motion for costs "should be denied in its entirety because the costs incurred in connection with Plaintiff's deposition were unnecessary, the transcript was not utilized in a substantive manner at trial and plaintiff's claims were neither frivolous, nor were they brought in bad faith." (Plaintiff's Opp'n Mem., at 2). As discussed below, the Court has fully considered plaintiff's arguments and finds them to be without merit. The Court also concludes that no equitable considerations support the denial of these costs under Rule 54.

i. Issue of Good Faith

Plaintiff argues that he should not have to pay defendant's costs because he brought this action in good faith. As evidence of his good faith, plaintiff cites the fact that his employment discrimination claim survived summary judgment. (Plaintiff's Opp'n Mem., at 3). However, "'[g]ood faith by itself does not require a district court to deny costs, since all parties to a federal action have an obligation to act in good faith.'" *Perry v. Metro. Suburban Bus Auth.*, 236 F.R.D. 110, 113 (E.D.N.Y. 2006) (quoting *DeJesus v. Starr Technical Risks Agency, Inc.*, 03 Civ. 1298 (RJH), 2005 WL 957389, at *2 (S.D.N.Y. Apr. 25, 2005)); *see also Whitfield*, 241 F.3d at 272-73 (stating "good faith and the absence of frivolous claims, by themselves, do not require a district court to deny costs, let alone require an appellate court to vacate a district court's award of costs" and affirming award of costs against indigent defendant); *Cosgrove*, 191 F.3d at 101 ("In her objection to the bill of costs, Plaintiff contends that because her Title VII claims against Defendant were not 'useless, baseless or frivolous,' the assessment of costs against her was erroneous. We disagree."). In the instant case, plaintiff's good faith is insufficient by itself to deny defendant an award of costs given the absence of any equitable considerations that warrant such a result. In short, after considering all of the relevant considerations and factors, the Court concludes in its discretion that equitable considerations do not warrant the denial of costs under the particular circumstances of this case.

ii. The Costs for Plaintiff's Deposition

Plaintiff also argues that his deposition was unreasonably lengthy, unduly broad in scope, and not used in a "meaningful manner" at trial, and therefore, the deposition costs, including the cost of the transcript, should not be taxed as a cost. (Plaintiff's Opp'n Mem., at 2-5). As set forth below, the Court disagrees.

The term "costs" in Rule 54 makes reference to the list of items enumerated in 28 U.S.C. § 1920. Among the items listed in § 1920 as taxable costs are "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920. With respect to depositions, Local Civil Rule 54.1 states that "the original transcript of a deposition, plus one copy, is taxable [as costs] if the deposition was used or received into evidence at the trial, whether or not it was read in its entirety. Costs for depositions are

---

delay) will address the motion and plaintiff's objections at this time.

also taxable if they were used by the court in ruling on a motion for summary judgment or other dispositive motion." Local Civil Rule 54.1(c)(2).

A deposition transcript need not have been cited by the Court for the Court to have "used" that deposition. *Whitfield*, 241 F.3d at 271 ("[T]he filing of a deposition transcript necessarily means a court will 'use' it, since summary judgment may be granted only 'if the pleadings, *depositions*, answers to interrogatories, and admissions *on file*, . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (quoting Fed. R. Civ. P. 56(c)) (emphases in original)). Instead, "[d]epositions are considered 'used' if they were submitted as part of the summary judgment motion and considered by the Court in reaching its decision." *Arias-Zeballos v. Tan*, No. 06 Civ. 1268 (GEL), 2009 WL 3335330, at *1 (S.D.N.Y. Oct. 14, 2009) (quotations and citations omitted).

In the instant case, Local Rule 54.1 is clearly satisfied because plaintiff's deposition was "used . . . at the trial." Plaintiff does not dispute that the deposition was, in fact, used, at trial. Instead, plaintiff contends that the deposition was not used in a "meaningful manner" at trial. (*See* Plaintiff's Opp'n Mem., at 3 ("While small, isolated portions of the transcript were read into the record, none of which was necessary . . . .").) The Court finds this argument to be completely without merit. Plaintiff's deposition transcript was a critical component of the cross-examination of plaintiff at trial by counsel for defendant with respect to the central factual issues in the case and plaintiff's credibility. Thus, it was properly and extensively relied upon at trial by counsel for defendant and used in a meaningful manner during the trial. Any suggestion to the contrary is frivolous.

Plaintiff also suggests that the costs for the deposition should not be taxable because the deposition was too long and covered irrelevant matters. (*Id.*) The Court similarly finds this argument to be without merit. Although there could be circumstances where a deposition should not be fully taxable because it was unduly long, such is not the situation here. The deposition took place over a single day for approximately five and one-half hours, well within the time allotted by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 30(d)(1) ("Unless otherwise stipulated or ordered by the court, [the duration of] a deposition is limited to 1 day of 7 hours."). Moreover, although plaintiff criticizes opposing counsel for conducting the deposition in a "haphazard and disorganized manner" (Plaintiff's Opp'n Mem., at 2), the Court does not find the deposition to have been excessive in length, and thus, there is no basis to deny or reduce the costs on that ground. Thus, the costs of plaintiff's deposition are fully taxable because it was used at trial within the meaning of Rule 54 and falls within the parameters of costs allowable under Rule 54 and Local Rule 54.1.[2]

---

[2] The Court concludes, in the alternative, that the deposition transcript is also taxable because it was used in a substantial manner in connection with the summary judgment motion. In fact, the Court's summary judgment opinion cited plaintiff's deposition transcript over 15 times. Although defendant's motion was denied, a deposition transcript is properly taxable if a court uses a deposition transcript in connection with a summary judgment opinion, even if the party seeking costs lost the motion and only prevailed at trial. *See, e.g., Patterson v. McCarron*, No. 99

4

In sum, the Court concludes that plaintiff's deposition was used in this case within the meaning of Rule 54(d)(1) and Local Rule 54.1, and the documented costs incurred in connection with that deposition — namely, $1,295.75 — are properly taxable. Similarly, the $20 in docket fees is properly taxable under § 1920, which includes "fees of the clerk" as taxable costs. 28 U.S.C. § 1920. Plaintiff has not provided sufficient grounds, equitable or otherwise, for the Court to deny or reduce the taxable costs. Instead, the Court determines in its discretion that an award of costs in the amount of $1,315.75 is warranted.

### III. CONCLUSION

For the foregoing reasons, the Court finds, in the exercise of its discretion, that an award of costs to defendant in the amount of $1,315.75 is appropriate under Rule 54(d)(1) and Local Rule 54.1. The Clerk of the Court is directed to tax plaintiff costs in the amount of $1,315.75.

---

Civ. 11078 (RCC), 2005 WL 735954, at *2 (S.D.N.Y. Mar. 30, 2005) ("That Defendants' motion for summary judgment was denied in part is therefore irrelevant to the determination of who the 'prevailing party' was in this action. Defendants ultimately prevailed (i.e., became the 'prevailing party') when this Court rendered judgment in their favor on February 24, 2004 at the conclusion of a bench trial."); *see also Howell*, 2009 WL 5336891, at *3-4 (defendant entitled to costs for pre-trial depositions used by court in connection with defendant's summary judgment motion that was denied, but defendant prevailed at trial). Thus, the deposition costs are taxable not only because the plaintiff's deposition was used at trial within the meaning of Rule 54, but also because the Court used it in connection with the decision on the summary judgment motion.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: December 1, 2009
Central Islip, NY

\* \* \*

The attorney for plaintiff Peter Catalano is Saul D. Zabell, Esq., of Zabell & Associates, P.C., 4875 Sunrise Highway, Suite 300, Bohemia, NY, 11716. The attorney for defendant Lynbrook Glass & Architectural Metals Corp. is David P. Fallon of Fallon and Fallon, LLP, 53 Main St., Sayville, NY 11782.